Shauck, J.
The conclusion of the circuit court that upon the death of Sophia C. Kiersted, the fund which the trustee had held for her benefit passes to her adopted daughter, and not to her brother, sister and her niece, is challenged by counsel for the plaintiffs in error in an argument which is very interesting and impressive. It is said, and truly, that upon the death of Mrs. Kiersted this portion of the fund passed under the will of George W. Smith, her father, and not under the statutes of descent and distribution as her property. This is obviously so, for by the very clear and explicit terms of the will her estate and interest in the fund were restricted to its income and to her life, and the testator himself disposed of his entire property and all interests and estates therein.
Our attention is, therefore, very properly directed to the ascertainment of the testator’s intention. In clear and comprehensive terms he gave his entire estate to trustees with direction that the portions thereof which were intended to be for the benefit of his sons should be delivered and conveyed to them in fee simple upon their attaining their majority, and the portion intended for the benefit of his daughters should be held by the trustees during the life of the daughters, the income only being payable to them, and that upon the death of a daughter the portion which had been so held for her benefit should pass “to her heirs at law.” It is said that *114 the phrase so used by the testator to designate the person who should take the corpus of the fund in the circumstances which have now occurred could not have been intended by the testator to include an adopted child, because at the time of the execution of the will there was not, either in the state of Ohio where the will was executed or in the state of Indiana where the adoption occurred and the testator’s daughter died, any statute providing for the adoption of a child and giving to it capacity to inherit from the adopting parent; that the scheme' of the will shows the testator’s great solicitude for those of his own blood who have been excluded by the judgment of the circuit court, and that since the provisions of the will gave the daughters control of the income only of the property, leaving them without power to dispose of the corpus by either deed or will, the only modes of disposition which could have been in the contemplation of the testator, to permit it to be now carried to one not of the testator’s blood is to permit an evasion of his clearly indicated intention. Not only are these considerations urged with much vigor and impressiveness by counsel for plaintiffs in error, but they receive some support from observations made in some of the cases cited’ in their brief. These considerations, if accorded all the weight to which they seem to be entitled, justify the conclusion that the testator did not have the specific intention that upon the death of one of his daughters the fund which had been held by the trustees for her benefit should pass to a child which she had adopted. They may also start the conjecture that if the testator *115 had anticipated the relation of parties which the case now presents he would have used different language to designate the persons to whom this fund should pass. But while the will shows that the testator had the usual concern of a father for his children, we do not observe that it contains any provisions indicating special concern for his descendants more remote than his sons and daughters. It does show so much solicitude for the comfort of his daughters during their lives that he placed the propertjr from which their support was to be derived beyond the chance of mismanagement by them, or by those who might acquire influence over them. The will suggests no other reason for limiting their control to the income of the property, while that intended for the sons was to pass to them in fee simple upon their attaining their majority. If one of the sons had died at' the time of the death of Mrs. Kiersted, leaving an adopted child, its right to inherit from the adopting father would not be seriously questioned, but the will contains nothing to indicate that in that regard the testator had different desires with respect to the provisions for his sons and his daughters. Terms limiting the succession to the daughter’s heirs at law, who should be of her blood, were omitted by the testator. If the court should supply them it would be amending his will rather than construing it. However confidently we might follow counsel in the conjecture that the testator would have used such terms if he had foreseen all that has now occurred, we should still be admonished that in ascertaining the meaning of a testator it is of first importance to assume *116 that he meant what he said. The meaning of the phrase “her heirs at law” which the testator used to indicate his intention has not been changed since he used it for that purpose. It then meant, and it now means, those who by law might be entitled to succeed to the property of which she should die seized as of an estate of' inheritance. We must presume that the will was drawn with the knowledge that as the testator’s daughters were then living, they at that time had no heirs at law, that those heirs would be selected by the law in force at the time of their death, when for the first time they could have heirs at law. It must also have been comprehended that the laws of descent and distribution have been constantly subject to change throughout the ages which have intervened since the times when, without “the law’s delay,” the strongest man who happened upon the scene appropriated to himself the things which had been the subject of property in a deceased person. To the validity of the claim of the adopted daughter, it is not necessary that the testator should have had the particular intention that the fund should pass to a child by adoption. It is sufficient that she is the person designated by the law as the heir of the daughter and is thus within the terms of the gift over, the fund having accomplished the testator’s dominant desire that the daughter should have an assured support during her life. A statute is not more necessary to the heirship of an adopted daughter than to that of a person related by blood, and it seems to be' conclusive of this subject that the statute makes the adopted daughter of the *117 testator’s daughter her heir, while there is no statute which in these circumstances gives that character to the plaintiffs in, error.

Judgment affirmed.

Davis, C. J., Johnson, Donahue and O’Hara, JJ., concur.